O’SCANNLAIN, Circuit Judge,
dissenting:
I respectfully dissent. “[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.” United States v. Nixon, 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Judicial supervision of such decisions is sharply limited by the separation of powers and is guided by “the recognition that the decision to prosecute is particularly ill-suited to judicial review.” Wayte v. United States, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). We have generally respected these limitations . on our authority and competence. See, e.g., United States v. Banuelos-Rodriguez, 215 F.3d 969, 977 (9th Cir.2000) (en banc) (collecting cases).
But not today. Today the majority instructs the Attorney General to tell us whether he will prosecute a specific case notwithstanding his brief defending the Board of Immigration Appeals’s decision denying the petitioner relief. We have only the slimmest authority even to review the exercise of prosecutorial discretion, see, e.g., Banuelos-Rodriguez, 215 F.3d at 976-77; we certainly lack authority to demand a preemptive peek into whether and when (and no doubt, before long, why) the executive branch will exercise such discretion. Cf. Wayte, 470 U.S. at 607, 105 S.Ct. 1524 (“Examining the basis of a prosecution ... threatens to chill law enforcement by subjecting the prosecutor’s motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government’s enforcement policy.”). The memoranda cited by the majority offer only internal guidance within the executive branch and squarely disclaim any suggestion that they might create any rights or benefits enforceable by the judiciary.
What is more, the petitioner never even asked us for the audacious ruling we issue today. The majority thus needlessly catapults this court into a realm of decision-making from which it is constitutionally walled off. I cannot join that effort and rather would decide the petition for rehearing on the basis of the record already before us.